UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KYLE STARMAN, | ) |
| Plaintiff(s), | ) |
| v. | ) Case No. 2:20-cv-00035-SRC |
| KILOLO KIJAKAZI,[1] Commissioner of the Social Security Administration, | ) |
| Defendant(s). | ) |

**Memorandum and Order**

Kyle Starman requests judicial review, under 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security denying his application for supplemental security income under XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. The Court reverses and remands the Commissioner's decision.

**I.   Procedural history**

Starman filed a Title XVI application for supplemental security income on April 4, 2017. Tr. 10, 209–214. The Social Security Administration initially denied his application on July 5, 2017, and upon reconsideration on September 28, 2017. Tr. 10, 82–83, 97–98, 121–124, 130–132. Starman asked for a hearing before an ALJ on November 21, 2017, and the ALJ held a hearing on February 15, 2019. Tr. 10, 32–69. The ALJ denied Starman's application in a decision dated April 25, 2019. Tr. 10–23. On May 13, 2020, the Appeals Council denied

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Kilolo Kijakazi for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Starman's request for review.  Tr. 1–6.  As such, the ALJ's decision stands as the final decision of the Commissioner.

## II.     Decision of the ALJ

The ALJ determined that Starman has not engaged in substantial gainful activity from his application date of April 4, 2017.  Tr. 12.  The ALJ found that Starman has severe impairments of bipolar disorder, anxiety disorder, depressive disorder, obsessive compulsive disorder, seizure disorder, and obesity.  *Id*.  The ALJ found that Starman does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 13–15.

After considering the entire record, the ALJ determined that Starman had the residual functional capacity to perform medium work with the following limitations: he should avoid working in unprotected heights or around dangerous machinery; cannot climb ladders, ropes, or scaffolds; cannot work alone around open water or open flames; cannot operate motorized vehicles; can frequently stoop, kneel, crouch, and crawl.  Tr. 15.  The ALJ further found that Starman can only perform simple or repetitive tasks.  *Id*.

The ALJ found that Starman has no past relevant work.  Tr. 22.  Starman has at least a high school education and can communicate in English.  *Id*.  After considering Starman's age, education, work experience, and RFC, the ALJ found that jobs exist in significant numbers in the national economy that Starman can perform, including hand packer, laundry worker, and lamination assembly.  Tr. 22–23.  Thus, the ALJ concluded that Starman was "not under a disability."  Tr. 23.  Starman appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

**III.     Legal standard**

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* at § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability.  20 C.F.R. § 416.920(a)(1).  First, the Commissioner considers the claimant's work activity.  If the claimant is engaged in substantial gainful activity, the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe "impairment [that] significantly limits [the] claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii).  "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity.  If the impairment meets or equals one of the presumptively

3

disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work.  20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i).  An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations."  *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1).  While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC."  *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016).  Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion."  *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).  Ultimately, the claimant is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. § 416.945(a)(3) (emphasis added).  If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled.  20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner.  *See Brock v. Astrue*,

674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016).

**IV.    Discussion**

As noted above, the ALJ determined that Starman retained the mental RFC to perform simple or repetitive work. Starman argues that the Court should remand because the ALJ failed to appropriately assess the persuasiveness of Dr. Frank Froman's medical opinion and substantial evidence does not support the ALJ's mental RFC determination. Doc. 16.

5

### A. The ALJ erred in assessing the persuasiveness of Dr. Froman's opinion

The Commissioner's regulations provide that, for claims filed on or after March 27, 2017, ALJs will not defer to or give any specific evidentiary weight, including controlling weight, to any medical opinion. *See* 20 C.F.R. § 416.920c(a) (2017). Instead, ALJs must evaluate the persuasiveness of medical opinions and prior administrative medical findings in light of several factors, the most important of which are supportability and consistency with the record. 20 C.F.R. § 416.920c(a)-(c) (2017). ALJs must explain how they considered the factors of supportability and consistency in their decisions, but need not explain how they considered the other factors. 20 C.F.R. § 416.920c(b) (2017).

Dr. Froman opined that Starman would have difficulty performing one and two-step assemblies at a sustained competitive rate because his ability to perform depended on whether he was "up or down." Tr. 576. Dr. Froman further felt that Starman's ability to handle stress in employment would vary depending on his moods. Tr. 577. The ALJ found Dr. Froman's opinion "not persuasive[,]" because "the medical evidence does not support manic episodes and periods of 'up and down' moods as the claimant generally denied manic episodes during the relevant time period." Tr. 21 (citing Tr. 676). Starman argues that the ALJ failed to articulate a rational reason for dismissing Froman's opinion other than the typical boilerplate language ALJ's use. Doc. 16 at p. 9. The Commissioner did not respond to Starman's argument and remained otherwise silent regarding the ALJ's assessment of Dr. Froman's opinion.

The Court finds that the ALJ erred in evaluating the persuasiveness of Dr. Froman's opinion. As stated, the ALJ must articulate how he considered the factors of supportability and consistency. 20 C.F.R. § 416.920c(b) (2017). The supportability factor provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a

6

medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1) (2017). The consistency factor states that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1) (2017). While the ALJ addressed the consistency factor, he failed to articulate how he considered the supportability factor.

    **1.**  **Consistency**

   The ALJ found Dr. Froman's opinion "not persuasive" because the medical evidence elsewhere in the record did not support Dr. Froman's conclusions regarding Starman's manic episodes and periods of "up and down." Tr. 21. In other words, the ALJ found Dr. Froman's opinion inconsistent with other medical evidence in the record. The medical record cited by the ALJ to discount Dr. Froman's opinion reflects that Starman denied having manic behavior. Tr. 676. Starman argues that the ALJ failed to consider evidence in the record from late 2018 and early 2019 demonstrating that Starman "was still having ups and downs." Doc. 16 at p. 9 (citing Tr. 675, 684, 688, 690). But, contrary to Starman's position, the evidence he cites still supports that Starman generally denied manic episodes and thus solidifies the ALJ's finding that Dr. Froman's opinion was inconsistent with other medical evidence in the record.

   For example, Starman cites a record from October 2018 "when [he] reported not wanting to leave his home and difficulty sitting in the waiting room." *Id.* (citing Tr. 675). But the ALJ relied on the very next page of this record to discount Dr. Froman's opinion because it states that Starman denied mood swings and manic behavior. Tr. 676. Starman next cites a record from

7

November 2018 "when [he] reported his depression and anxiety had improved[,] but his providers still noted he was positive for depression." Doc. 16 at p. 9 (citing Tr. 684, 688). Yet, once again, those same treatment notes reflect that Starman denied mood swings and manic behavior. Tr. 685. Finally, Starman cites a record from January 2019 "when [he] was reporting to his providers [that] he was suffering from depression, lack of motivation and he was isolating to his bedroom." Doc. 16 at p. 9 (citing Tr. 690). But, like the records above, this record also states that Starman denied mood swings and manic behavior. Tr. 692.

Therefore, although Starman's statements about not wanting to leave home or isolating in his bedroom could possibly support Dr. Froman's opinion that Starman's ability to work depended on his manic behavior, the Court finds that Starman's unequivocal denials of having manic behavior or mood swings supports the ALJ's determination that Dr. Froman's opinions ran counter to the other medical evidence in the record.

### 2. Supportability

However, while the ALJ properly considered the consistency factor in assessing the persuasiveness of Dr. Froman's opinion, any consideration of the supportability factor is absent from the ALJ's order.

In articulating how they considered the supportability factor, ALJs may note that the physician's own treatment notes do not support the physician's opinion, *Dotson v. Saul*, No. 4:20 CV 310 RWS, 2021 WL 2529786, at *5 (E.D. Mo. June 21, 2021), *Blankenship v. Saul*, No. 1:20 CV 170 SRW, 2021 WL 2351047, at *5 (E.D. Mo. June 9, 2021), *Allen v. Saul*, No. 4:19 CV 3154 DDN, 2020 WL 3498119, at *5 (E.D. Mo. June 29, 2020), *Coffman v. Comm'r of Soc. Sec. Admin.*, No. 2:19-04208-CV-RK, 2020 WL 7033962, at *3 (W.D. Mo. Nov. 30, 2020), *Lilly v. Saul*, No. 19-CV-4065-CJW, 2021 WL 1592670 (N.D. Iowa Feb. 23, 2021), *report and*

8

*recommendation adopted*, No. 19-CV-4065-CJW-MAR, 2021 WL 916928, at *8 (N.D. Iowa Mar. 10, 2021), that the physician's opinion stems from a checklist, *Williams v. Saul*, No. 2:19-CV-88 RLW, 2021 WL 1222770, at *12 (E.D. Mo. Mar. 31, 2021), *Corwin v. Saul*, No. 20-CV-2003-LTS, 2021 WL 1593258, *12-13 (N.D. Iowa Mar. 8, 2021), *report and recommendation adopted*, No. C20-2003-LTS, 2021 WL 1224906 (N.D. Iowa Mar. 31, 2021), *Weddington v. Saul*, No. 2:20-CV-00011-JJV, 2020 WL 4555667, at *3 (E.D. Ark. Aug. 6, 2020), that the physician did not consider certain evidence, *Collins v. Kijakazi*, No. 6:20-CV-03237-MDH, 2021 WL 3909670, at *3 (W.D. Mo. Aug. 31, 2021), did not examine the claimant, *Collins*, 2021 WL 3909670 at *3, or did or did not provide a detailed explanation for opinion.  *Allen*, 2020 WL 3498119, at *5, *Collins*, 2021 WL 3909670, at *3, *Weddington*, 2020 WL 4555667, at *3.

     Here, the ALJ did not address any of these issues and did not otherwise articulate how he considered the supportability factor.  Under recent Eighth Circuit caselaw, an ALJ's failure to address either the consistency or supportability factors in assessing the persuasiveness of a medical opinion requires reversal**.**  *Bonnett v. Kijakazi*, No. 21-1619 (8th Cir. 2021, September 20, 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069–70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in regulation, as failure to comply with opinion-evaluation regulation was legal error)).  Accordingly, the ALJ's failure to consider the supportability of Dr. Froman's opinion warrants remand.  *Id*.; *see also Dornbach v. Saul*, No. 4:20-CV-36 RLW, 2021 WL 1123573, at *7 (E.D. Mo. Mar. 24, 2021); *Hodges v. Comm'r, Soc. Sec. Admin.*, No. 4:20-CV-04085, 2021 WL 2211108, at *3 (W.D. Ark. June 1, 2021)**;** *Rife v. Comm'r, Soc. Sec. Admin.*, No. 1:20-CV-01030, 2021 WL 1949385, at *3 (W.D. Ark. May 14, 2021).

9

Additionally, the Court cannot conclude that the ALJ's error was harmless. "An error is harmless when the claimant fails to 'provide some indication that the ALJ would have decided differently if the error had not occurred.'" *Lucus*, 960 F.3d at 1069 (quoting *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)). Starman provided the requisite indication. The ALJ found persuasive the opinions of state-agency physicians who, unlike Dr. Froman, never examined Starman in reaching their opinions. Tr. 20–21. Moreover, these state-agency physicians only reviewed records through July 2017. Although, as discussed above, Starman generally denied having manic episodes during this time, he also reported in October 2018 not wanting to leave his home and having difficulty sitting in the waiting room, Tr. 675, and in January 2019 that he suffered from depression, lack of motivation, and that he was isolating in his bedroom. Tr. 691. In short, the ALJ's failure to address the supportability of Dr. Froman's opinion in finding the opinion less persuasive than the state agency reviewing physicians, even though Dr. Froman's was the only physician to examine Starman, certainly provides an indication that the ALJ's decision may have been different if he considered the supportability of Dr. Froman's opinion. The Commissioner's failure to address Starman's argument regarding the ALJ's failure to properly assess Dr. Froman's opinion further buttresses the Court's opinion that the error was not harmless.

Accordingly, the Court reverses and remands this matter, and instructs the ALJ to consider the supportability factor in assessing the persuasiveness of Dr. Froman's opinion under 20 C.F.R. § 416.920c(c)(1) (2017).

**V.     Conclusion**

The Court reverses and remands the decision of the Commissioner to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this

Memorandum and Order. A separate judgment will accompany this Memorandum and Order. The Court also directs the Clerk of Court to amend the case name and caption to reflect the substitution of Kilolo Kijakazi as Defendant in this suit.

So Ordered this 29th day of September 2021.

*SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**